IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| KIMBERLY MULLEN, an individual, | * * * | |
| Plaintiff, | * | |
| vs. | * | No. 4:17-cv-00416-SWW |
| | * * | |
| ARKANSAS GAME AND FISH COMMISSION, an agency of the State of Arkansas, and JEFF CROW, an individual, | * * * * * | |
| Defendants. | * | |

# OPINION AND ORDER

Kimberly Mullen brings this action against the Arkansas Game and Fish Commission (AGFC), an agency of the State of Arkansas, and Jeff Crow, Director of the AGFC, alleging gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 1981, and the Arkansas Civil Rights Act of 1993 (ACRA), Ark. Code Ann. § 16-123-101 *et seq.* Mullen claims the defendants violated these statutes when she was demoted on April 4, 2017, from her AGFC position as Chief of the Educational Division to the position of East Arkansas Regional

Education Coordinator.

Before the Court are the following motions: (1) motion of the AGFC to dismiss the amended complaint, or in the alternative, motion to quash [doc.#11]; and (2) motion of Crow to dismiss the amended complaint [doc.#27]. Mullen has responded in opposition to the AGFC's motion to dismiss or to quash and the AGFC has filed a reply to Mullen's response. Mullen has not responded to Crow's motion to dismiss and the time for doing so has passed. For the reasons that follow, the Court grants in part and denies in part the AGFC's motion to dismiss or to quash and grants Crow's motion to dismiss.

## I. AGFC's Motion to Dismiss or to Quash

### A.

The AGFC first argues that this action should be dismissed because it was not properly served. It appears that this issue has since been resolved so the Court denies the AGFC's motion to dismiss for lack of proper service.

### B.

The AGFC next argues that Mullen's ACRA claim must be dismissed because of sovereign immunity. The Court agrees. See Ark. Code Ann. §

16-123-104 ("Nothing in this subchapter shall be construed to waive the sovereign immunity of the State of Arkansas."). See also *Brooks v. Gillespie*, No. 4:16cv00473 SWW, 2017 WL 4295195, at *2 (E.D. Ark. Sept. 27, 2017) (citing Ark. Code Ann. § 16-123-104 in granting summary judgment, based on sovereign immunity, on plaintiff's ACRA claim brought against Director of the Arkansas Department of Human Services sued in her official capacity). Accordingly, the Court dismisses Mullen's ACRA claim against the AGFC.

C.

The AGFC next argues that Mullen's 42 U.S.C. § 1981 claim must be dismissed on the ground, *inter alia*, that § 1981 does not provide a cause of action for gender discrimination. The Court agrees. See *Lake v. Honeywell, Inc.*, No. 4-96-944, 1997 WL 458463, at *5 (May 27, 1997) (noting that it is well settled that claims for gender discrimination are not viable claims under § 1981 and collecting cases). Accordingly, the Court dismisses Mullen's gender discrimination claim under § 1981.

D.

Finally, the AGFC argues that Mullen's request for liquated or special damages must be dismissed because Title VII does not provide for the

availability of such damages. Mullen does not dispute the AGFC's argument on this point so the Court dismisses Mullen's request for liquidated or special damages. See, *e.g., Baker v. John Morrell & Co.*, 263 F.Supp.2d 1161, 1183 (N.D. Iowa 2003) ("Title VII, of course, does not contain a liquidated damages provision."); *Celli v. Wynne*, No. 1:06cv1DAK, 2006 WL 2708359, at *5 (D. Utah, Northern Div., Sept. 19, 2006) (noting that "'special damages' are not authorized by Title VII.") (citing 42 U.S.C. § 1981a(b)).

## II. Crow's Motion to Dismiss

### A.

Crow first argues that Mullen's Title VII claim against him in his individual capacity must be dismissed because Title VII does not provide for individual liability. The Court agrees. Title VII liability only attaches to an "employer." See, *e.g., Bonomolo-Hagen v. Clay Central-Everly Community Sch. Dist.*, 121 F.3d 446 (8th Cir. 1997) (per curiam); *Bales v. Wal-Mart Stores, Inc.*, 143 F.3d 1103, 1111 (8th Cir. 1998). Accordingly, the Court dismisses Mullen's Title VII claim against Crow in his individual capacity.

### B.

Crow next argues that Mullen's ACRA claim against him in his

individual capacity must be dismissed because supervisors do not meet the definition of an "employer" as defined in Ark. Code Ann. § 16-123-102(5) ("'Employer' means a person who employs nine (9) or more employees in the State of Arkansas in each of twenty (20) or more calendar weeks in the current or preceding calendar year").  The Court agrees.  See, *e.g., Morrow v. City of Jacksonville*, 941 F.Supp. 816, 820 (E.D. Ark. 1996) (finding that supervisors do not meet the definition of an "employer" found at Ark. Code Ann. § 16-123-102(5)); see also *Richardson v. City of Pine Bluff, AR*, No. 5:05cv00179 SWW, 2006 WL 3388341, at *1 (E.D. Ark. Nov. 21, 2006) (dismissing a plaintiff's Title VII and ACRA claims against separate defendant supervisor in his individual capacity).  Accordingly, the Court dismisses Mullen's ACRA claim against Crow in his individual capacity.

C.

Finally, Crow argues that any §1981 claim Mullen may be making against him must be dismissed as § 1981 does not provide a cause of action for gender discrimination.  Again, the Court agrees.  See *Honeywell*, 1997 WL 458463, at *5.  Accordingly, any such claim Mullen is making against Crow is dismissed.

III.

For the foregoing reasons, the Court grants in part and denies in part the AGFC's motion to dismiss or to quash and grants Crow's motion to dismiss. This action will proceed solely on Mullen's Title VII gender discrimination claim against the AGFC.

IT IS SO ORDERED this 7th day of November 2017.

/s/ Susan Webber Wright
UNITED STATES DISTRICT JUDGE